**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD AUSILIO, personal representative
for the estate of John Ausilio,

    Plaintiff/Counter-Defendant,

                                      Case No. 08-12988
v.                                         Hon. Lawrence P. Zatkoff

UNITED STATES OF AMERICA,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

SHERRY LYNN AUSILIO, JOHN V. AUSILIO, and
MARIE MEYER as Trustees of the John S. Ausilio and
Genevieve T. Ausilio Revocable Trust dated 12/5/05,
CHRISTIAN BROS. PLUMBING, HEATING, SEWER
CLEANING, INC., SPOT REALITY, INC., and S & C
LAWN & LANDSCAPE LLC,

    Third-Party Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the United States of America's (hereinafter "Defendant")

motion for summary judgment [dkt 30]. The parties have fully briefed the motion. The Court finds

that the facts and legal arguments are adequately presented in the parties' papers such that the

decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D.

Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.

For the following reasons, Defendant's motion is GRANTED.

## II. BACKGROUND

John S. Ausilio ("Ausilio"), now deceased, incurred federal tax liability in both his role with Arriva Italian Ristorante, Inc., a corporation that, as the name suggests, operated an Italian-style restaurant, and in his individual capacity. This case involves the validity of the assessments, Ausilio's subsequent bankruptcy filings, and Defendant's ability to foreclose on the tax liens.

### A.  Tax Assessments

Ausilio was assessed for unpaid taxes on multiple occasions, and the Internal Revenue Service ("IRS") attached liens to Ausilio's property, known as 37502 Fiore Trail, Clinton Township, Michigan ("the Property"), when these arrearages were not satisfied. These events occurred on the following time-line:

| Date | Event |
|---|---|
| August 11, 1997 | Ausilio assessed $133,539.10 by the Secretary of the Treasury pursuant to 26 U.S.C. § 6672 for withheld income taxes and FICA contributions that were not submitted to the IRS. |
| August 11, 1998 | IRS tax lien attached to the Property after Ausilio failed to satisfy § 6672 assessment. |
| November 30, 1998 | John and Genevieve Ausilio assessed $16,452.64 for unpaid federal income taxes. |
| October 5, 2000 | Ausilio assessed $67,959.60 pursuant to § 6672. |
| April 15, 2002 | IRS tax liens attached to the Property after Ausilio failed to satisfy the § 6672 assessment and the federal income-tax assessment. |
| December 5, 2005 | John and Genevieve Ausilio convey the Property via quitclaim deed to the John S. Ausilio and Genevieve T. Ausilio Revocable Trust. |

### B. Bankruptcies

In addition to the above events, Ausilio filed for bankruptcy protection on three separate

occasions.

### i. Chapter 11 Bankruptcy

Ausilio filed for Chapter 11 bankruptcy on May 25, 1999. The IRS filed a proof of claim in conjunction with that proceeding. The IRS stated that Ausilio owed the government $199,840.27. This amount consisted of: (a) $166,953.03 secured by tax liens filed in Macomb County, Michigan; (b) $31,439.51 in unsecured priority claims; and (c) $1,447.73 in unsecured interest. The IRS filed an amended proof of claim on November, 24, 1999, adjusting its total claim to $369,032.52, which is broken down as $154,641.59 in secured claims, $212,943.20 in priority unsecured claims, and $1,447.73 in unsecured interest.

An October 25, 1999, proposed plan of reorganization categorized "all priority tax claims of the Internal Revenue Service as defined by 11 U.S.C. § 507(a)(8) as well as any such claims that are secured" as Class 11 claims. Under the plan, the treatment of Class 11 claims was described as follows:

> The allowed secured and/or priority tax claims of the Internal Revenue Service shall not be impaired. The respective allowed claims included in this Class 11 creditor shall be paid in full over a period not exceeding six years after the date of assessment of each such claim in equal monthly installments commencing one year after the Effective Date of the Plan. The allowed claims of this Class 11 shall accrue interest at the rate of 9% per annum commencing upon the Effective Date of the Plan. All payments made to the Internal Revenue Service hereunder shall be applied by the Internal Revenue Service first upon accrued principal, then to interest, and then to penalties. The Internal Revenue Service shall retain its lien on the Debtor's assets until its claim has been fully paid and satisfied.

Def.'s Ex. 4 p.5. The bankruptcy court confirmed the proposed plan with modifications, none of which were pertinent to the Class 11 claims.

### ii. Chapter 13 Bankruptcies

In addition, Ausilio twice filed for Chapter 13 bankruptcy. Ausilio first filed for Chapter 13 bankruptcy on February 19, 2003. That case was dismissed and does not appear to affect the current proceedings.

Ausilio filed a second Chapter 13 petition on June 21, 2004. The July 1, 2004, proposed plan identified a $153,520.00 secured claim by the IRS under the heading of "Class Five-Other Secured Claims." Def.'s Ex. 10. p.2. In order to satisfy the Class Five claims, the plan proposed that "Debtor shall committ [sic] the sale proceeds of the Debtor's home directly to the Creditors listed in Class Five." *Id*. at p.1. The IRS filed a proof of claim on August 15, 2004, indicating a claim of $266,464.53, which included a secured claim of $252,961.32 and an unsecured priority claim of $13,503.21.

In the bankruptcy court's September 15, 2004, order confirming the Chapter 13 bankruptcy plan, the court, in a handwritten notation, ordered that "the class 5 secured claim of the Internal Revenue Service shall be paid $0 through Debtor's bankruptcy. This claim and lien shall survive Debtor's discharge." Def.'s Ex. 12. The bankruptcy court dismissed the case and lifted the stay on March 2, 2005.

**C. Current Case**

Plaintiff Ronald Ausilio ("Plaintiff"), representing the estate of John S. Ausilio, filed this case challenging the validity of the IRS tax assessments and liens. He questions whether Ausilio was sufficiently involved in the corporation to have incurred federal tax liability under 26 U.S.C. § 6672. Plaintiff seeks a declaration (1) that the levies were wrongfully imposed; (2) quieting title to the property; and (3) refunding any entitled sums.

Defendant contends that Plaintiff's claims are barred by *res judicata*, estoppel, and/or waiver.

Defendant alleges that Ausilio did not challenge the IRS's tax and penalty assessments in the bankruptcy proceedings. Defendant also seeks: (1) a judgment against the Third-Party Defendants for the unpaid liens; and (2) a foreclosure order on the Property.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

Defendant's motion for summary judgment encompasses both Plaintiff's complaint and Defendant's third-party claims. The Court will address these issues separately.

**A. Plaintiff's Complaint**

Plaintiff's complaint requests that the Court declare the IRS tax liens invalid because the tax

5

assessments were wrongfully levied. Defendant argues that the confirmed Chapter 11 and Chapter 13 bankruptcy plans preclude Plaintiff from challenging the assessments based on *res judicata*. Defendant alternatively contends that: (1) Plaintiff cannot rebut the presumption that the assessments are correct; and (2) equitable doctrines of laches, estoppel, and waiver prohibit Plaintiff's challenge.

In his response brief, Plaintiff states that "[e]ven though this is not a part of the Motion for Summary Judgment, it is claimed that Mr. Ausilio was not a managing partner at this restaurant for many reasons which would be an issue of fact at trial and that the lien was wrongfully assessed against Mr. Ausilio and should have been assessed against his partner." Pl's. Br. at p.1. Despite Plaintiff's assertions, the Court finds that Defendant's motion and brief clearly address the propriety of the assessments, and the Court will discuss the merits of that claim.

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Under § 6672, the assessed taxpayer "bears the burden of proving that he is not a responsible person . . . and that he did not act willfully in failing to pay over the taxes." *Kinnie v. United States*, 944 F.2d 279, 283 (6th Cir. 1993). Aside from the conclusory statements contained in the complaint, Plaintiff has not provided any evidence that the § 6672 tax assessments are invalid or that Ausilio was not a proper party to be assessed. Therefore, Plaintiff has not met his burden to rebut the presumption that the assessments are valid.

In the complaint, Plaintiff also challenged the time period in which Defendant had to act on the assessments. *See* 26 U.S.C. § 6502(a) (ten-year statute-of-limitations for IRS to collect tax once assessment has been made). Defendant avers, and the Court agrees, that Plaintiff's various bankruptcy filings stayed the 10-year limitations period during the pendency of those proceedings.

*See* 26 U.S.C. § 6503(h)(2) (collection period is tolled during bankruptcy proceedings and for six months thereafter).

Ausilio's earliest assessment occurred on August 11, 1997, and, without tolling, the limitations period would expire on August 11, 2007. Ausilio's first bankruptcy (*i.e.*, the Chapter 11 proceeding) was filed on May 25, 1999, and the case was closed on January 23, 2001. Thus, the limitations period was tolled for approximately twenty months, plus six additional months pursuant to §6503(h)(2), based solely on the Chapter 11 proceeding. This extends the limitations expiration date on the earliest assessment from August 11, 2007, to approximately October 2009. Defendant filed his counterclaim seeking to foreclose on October 20, 2008, well before that date. Moreover, this calculation does not account for either of Ausilio's Chapter 13 filings, which tolled additional time. Accordingly, the Court finds that the limitations period did not expire prior to Defendant's attempt to collect the debts.

For the above-stated reasons, the Court grants Defendant's motion for summary judgment as to Plaintiff's complaint.

**B. Defendant's Counterclaim/Third-Party Claim**

Defendant additionally seeks to foreclose on its liens and satisfy the arrearage from the proceeds pursuant to 26 U.S.C. § 7403. To accomplish this, Defendant added[1] Sherry Ausilio, John Ausilio, Ronald Ausilio, and Marie Meyer ("the Trustees") as third-party defendants in their capacities as trustees for the Trust. Defendant also added Spot Realty Co. because that entity holds a paid, but undischarged, mortgage on the Property, and Christian Bros. Plumbing and S & C Lawn

---

[1]Defendant included these parties in his "counterclaim." These parties, however, were not plaintiffs in the compliant; therefore, they are properly referred to as third-party defendants.

& Landscape because they also hold liens on the Property.[2] *See* 26 U.S.C. § 7403(b) (in proceeding to enforce tax liens, all parties "having liens upon or claiming any interest in the property shall be made parties thereto").

### i. Preclusion

Defendant and the Trustees agree that the Chapter 13 plan has preclusive effect, but they disagree on the portion of the plan that is binding. The Trustees maintain that Defendant must wait until the Property is sold to foreclose on the liens. Defendant construes the Chapter 13 Plan as not affecting its ability to foreclose on the liens.

The Trustees focus solely on the provision in the proposed plan providing that Defendant (and all creditors in that category) will be paid from the proceeds from the sale of the house. The confirmation order, however, contains no such requirement. Instead, the confirmation order specifies that Defendant will be paid nothing from the Chapter 13 bankruptcy, and that Defendant's claim and lien are to survive the debtor's discharge. It does not include any requirement that Defendant wait until the Property is sold before it may proceed.

"In a Chapter 13 case, '[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.'" *In re Parmenter*, 527 F.3d 606, 608 (6th Cir. 2008) (citing 11 U.S.C. § 1327(a)). Moreover, Plaintiff is precluded by 11 U.S.C. § 1327 from challenging the confirmed plan here. *See id*; *see also In re Welch*, 1998 WL 773999, at *2 (6th

---

[2]Only the Trustees are represented in this matter. The remaining added parties (Spot Realty Co., Christian Bros., and S & C Lawn & Landscape) have not responded in any fashion, with the exception of a document titled an "Answer" prepared by S & C Lawn & Landscape [dkt 28], which is in letter format addressed to Defendant and only confirms Ausilio's debt and its lien on the Property.

Cir. Oct. 11, 1998) (table opinion) ("Section 1327 has been consistently interpreted as barring the relitigation of any issue which was or which *could have been decided* at confirmation.").

As the express terms of the confirmation order contain no requirement that Defendant must wait until the Trustees decide to part with the Property, and because Plaintiff is precluded from relitgiating the content of the plan, the Court finds that Defendant may proceed with foreclosure.

### ii. Amount of IRS Claims

The Trustees also seek to limit the amount owed to the $153,530 figure listed in the proposed plan. The IRS, however, filed a proof of claim prior to the confirmation order, in which it claimed a $252,961.32 secured interest. Def.'s Ex. 11. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bank. P. 3001(f).

Moreover, the Court finds that the Trustees are otherwise barred from contesting the amounts claimed by the IRS in Plaintiff's bankruptcies. "[W]hen a proof of claim is filed prior to confirmation, and the debtor does not object prior to confirmation, the debtor may not file a post-confirmation collateral action that calls into question the proof of claim." *Adair v. Sherman*, 230 F.3d 890, 894–95 (7th Cir. 2000). *See also In re Bateman*, 331 F.3d 821, 828 (11th Cir. 2003) ("That the Plan states an amount in conflict with the proof of claim demands a resolution of the inconsistency, but a debtor's post-confirmation objection is not the appropriate vehicle by which to do so."); 11 U.S.C. § 502(a) ("A claim of interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); Fed. R. Bank. P. 3007(a) (objections to claims must be in writing and filed).

Here, each of the proofs of claim were filed prior to confirmation, and there is no evidence

that Plaintiff filed an objection to any of those documents. Therefore, the Court finds that the $252,961.32 proof of claim is valid—an amount that Defendant calculates has increased to $314,987.14 due to interest and penalties.

### iii. Foreclosure

26 U.S.C. §7403(a) permits the United States to file a civil action to enforce a tax lien. That same statute provides that, after the United States's claim has been established, a district court "may decree a sale of such property. . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

Darlene Jackson, an IRS Revenue Officer Advisor, submitted an affidavit confirming that three assessments have been made against Ausilio and that no payment has been made. Ms. Jackson represents that the current liability on the assessments, including interest and penalties, was $314,987.14 as of August 15, 2009, plus accrued interest. Def.'s Ex. 2 p.2.

Here, Plaintiff admits that Ausilio was assessed. As discussed *supra*, Plaintiff did not challenge the validity of the assessments in either the Chapter 11 or Chapter 13 bankruptcy plans, and he cannot do so now. Therefore, the Court finds that Defendant has established Plaintiff's liability to be $314,987.14.

The statute permitting court-ordered foreclosure speaks with a permissive tone, and the Court has the discretion to deny a foreclosure request, although such discretion is to be used "rigorously and sparingly[.]" *United States v. Rodgers*, 461 U.S. 667, 710 (1983). Plaintiff has not argued that the Court should deny Defendant's request based on the equitable factors considered in *Rodgers*; hence, the Court finds no reason to exercise its discretion.

Therefore, the Court will order the foreclosure of Defendant's liens on the Property.

Defendant shall submit a proposed order of sale within 10 days of entry of this Opinion and Order, which will address: (1) the current assessment amount; (2) the procedures of the sale; and (3) a payment plan that identifies all competing interests and their respective priorities in the proceeds. Defendant shall serve a copy of this Opinion and Order on all parties, including those unrepresented, and file proof thereof within three days of the entry of this Opinion and Order. Any party may respond to Defendant's proposed order of sale within 10 days of receipt of the proposed order.

## V. CONCLUSION

Accordingly, and for the above reasons, it is HEREBY ORDERED that Defendant's motion for summary judgment [dkt 30] is GRANTED.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: January 6, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 6, 2010.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290