**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD AUSILIO, personal representative
for the estate of John Ausilio,

      Plaintiff/Counter-Defendant,

                                  Case No. 08-12988
v.                                      Hon. Lawrence P. Zatkoff

UNITED STATES OF AMERICA,

      Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

SHERRY LYNN AUSILIO, JOHN V. AUSILIO, and
MARIE MEYER as Trustees of the John S. Ausilio and
Genevieve T. Ausilio Revocable Trust dated 12/5/05,
CHRISTIAN BROS. PLUMBING, HEATING, SEWER
CLEANING, INC., SPOT REALITY, INC., and S & C
LAWN & LANDSCAPE LLC,

      Third-Party Defendants.

_____/

**ORDER**

Plaintiff filed this case seeking a declaratory judgment regarding tax liability incurred by the

Estate and to quiet title to property owned by the Estate and subject to tax liens. Defendant, the

United States of America, filed a counterclaim seeking a judgment on the liens and an order of

foreclosure. On January 6, 2010, the Court granted Defendant's motion for summary judgment [dkt

33]. This matter is currently before the Court on (1) Plaintiff's motion for reconsideration [dkt 35];

(2) Defendant's motion for judgment [dkt 44]; and (3) Defendant's motion for order of sale [dkt 45].

**A. Plaintiff's Motion for Reconsideration**

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not

grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the

court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Plaintiff contends that Defendant's motion for summary judgment did not properly address the propriety of the tax liens assessed against the decedent, John Ausilio. Plaintiff argues that John Ausilio should not have been assessed because he was not actively involved in the management of the restaurant that was the subject of the liens.

The Court finds that the propriety of the assessments was at issue in the motion for summary judgment. Plaintiff stated in his response brief that

> Even though this is not a part of the Motion for Summary Judgment, it is claimed that Mr. Ausilio was not a managing partner at this restaurant for many reasons which would be an issue of fact at trial and that the lien was wrongfully assessed against Mr. Ausilio and should have been assessed against his partner.

Pl.'s Resp. Br. [dkt 31] p.1.

However, Defendant moved for full summary judgment, its motion described how the taxes were assessed and in what amounts, and it supplied supporting documentation for the assessments. Further, Defendant's brief cited the rule that federal tax assessments are presumed correct. *See* Def.'s Mot. Summ. J. Br. [dkt 30] p.11.

Finally, in its January 6, 2010, opinion and order, the Court expressly considered this issue, including Plaintiff's above statement, and found that Plaintiff had not submitted sufficient evidence

to overcome the presumption that the assessments were correct.

Therefore, the Court finds that this argument "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *See* E.D. Mich. L.R. 7.1(g)(3). Further, to the extent that Plaintiff did not analyze or support this argument in his response brief—despite his acknowledgment that he believed a factual issue existed—he cannot now do so because "[a] motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). *See also Reid v. Perry*, No. 2:09-CV-11942, 2010 WL 5825781, at *1 (E.D. Mich. Feb. 18, 2010); *Lucido v. Mueller*, No. 08-15269, 2009 WL 4800558, at *1 (E.D. Mich Dec. 9, 2009). The Court thus cannot grant Plaintiff relief based on this argument.

Plaintiff also suggests that the Court erred in considering the effect of the Chapter 13 bankruptcy proceeding because that proceeding was dismissed. Plaintiff, however, offers no argument or evidence that correcting this alleged defect would result in a different disposition of the case. Therefore, the Court finds that this argument is not properly presented in this motion.

**B. Defendant's Motion for Judgment**

Pursuant to the Court's request, Defendant filed a proposed order of judgment and moved for entry of that order [dkt 44]. Plaintiff and the Third-Party Defendant Trustees filed a response to the motion [dkt 46], but their only stated objection was that the motion for reconsideration remained pending. Having resolved that motion, and finding no other objections to Defendant's proposed order of judgment, the Court grants Defendant's motion for judgment.

**C. Defendant's Motion for Order of Sale**

The Court also required Defendant to file a proposed order of sale detailing the procedures

for the sale and a payment plan that identifies all competing interests in the proceeds.  Defendant

complied with the Court's order and has moved for entry of its proposed order of sale [dkt 45].

Plaintiff and the Third-Party Defendant Trustees responded to the motion for sale [dkt 47],

objecting to the portion of the proposed order that requires all occupants to vacate the property

within 30 days of the order of sale.  They contend that the order of sale should instead contain a 1-

year redemption period in compliance with Mich. Comp. Laws § 211.74(1), during which time the

occupants may continue to occupy the premises.

Therefore, IT IS HEREBY ORDERED that Defendant SHOW CAUSE, in writing, no later

than Friday, July 30, 2010,  as to why the order of sale should not contain Plaintiff's proposed 1-year

redemption period.  Failure to comply with this order may result in the issuance of sanctions.

Defendant's response shall contain specific and accurate legal support, including pinpoint citations

to authority relied on and shall be limited to ten pages and comply with E.D. Mich. L.R. 5.1.

Additionally, Defendant shall fax its response to Judge Zatkoff's Chambers in Port Huron, at 810-

984-1480.

## D.  Conclusion

Accordingly, and for the above reasons, IT IS HEREBY ORDERED THAT:

> (1) Plaintiff's motion for reconsideration [dkt 35] is DENIED;

> (2) Defendant's motion for judgment [dkt 44] is GRANTED; and

> (3) Defendant is ORDERED to SHOW CAUSE why the order of sale should not contain a 1-year redemption period, and allow occupation during such period of redemption.

IT IS SO ORDERED.

4

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290